Christopher Tayback (Bar No. 145532)
  christayback@quinnemanuel.com
Michael Fazio (Bar No. 228601)
  michaelfazio@quinnemanuel.com
David M. Elihu (Bar No. 303043)
  davidelihu@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Counsel for Defendants Access Bio, Inc.;
Areum Bio LLC; and Ivy Pharma, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| INTRIVO DIAGNOSTICS, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>ACCESS BIO, INC., a New Jersey Corporation; AREUM BIO LLC, a Delaware limited liability company; IVY PHARMA, INC., a New Jersey corporation; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) BY DEFENDANTS ACCESS BIO, INC., AREUM BIO LLC, AND IVY PHARMA, INC.**<br><br>Action Filed: March 22, 2022<br>Action Removed: March 24, 2022 |

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

# NOTICE OF REMOVAL

Defendants Access Bio, Inc. ("Access Bio"), Areum Bio LLC ("Areum"), and Ivy Pharma, Inc. (individually, "Ivy," and together with Access Bio and Areum, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the civil action brought by Plaintiff Intrivo Diagnostics, Inc. ("Intrivo") and styled as *Intrivo Diagnostics, Inc. v. Access Bio, Inc., et. al*, from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 22STCV09935 (the "Complaint"), to the United States District Court for the Central District of California, Western Division. Access Bio hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Access Bio will provide evidence to support the allegations of this pleading as required, in the event a challenge is raised to the Court's jurisdiction.[1]

## INTRODUCTION AND STATEMENT OF JURISDICTION

1.  The Complaint reflects little more than Plaintiff's attempt to evade a series of adverse rulings in a related lawsuit before the Honorable Otis Wright in the Central District of California, which Plaintiff voluntarily dismissed two days ago following the loss of its applications for a temporary restraining order and preliminary injunction. There is and always has been complete diversity between the parties, and the dispute should remain in the Central District of California before Judge Wright, who has already ruled upon the hundreds of related (and in most cases, the same)

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

disputes Intrivo previously brought before him.  *See* L.R. 83-1.2.2 (Duty on Refiling of Actions).

2.  Plaintiff first filed suit against Access Bio on January 19, 2022 in Los Angeles Superior Court.  Access Bio removed the case to the Central District of California, where it was assigned to Judge Wright.  *See Intrivo Diagnostics, Inc. v. Access Bio, Inc., et. al.*, Case No. 2:22-cv-00370 ODW (SKx) ("Intrivo 1").  In Intrivo 1, Plaintiff asserted breach of contract and a host of torts like fraud, unfair business practices, and intentional interference, all based on: (1) Access Bio's alleged failure to meet contractual production and payment targets for COVID-19 tests during the widespread labor and equipment shortages that occurred at the outset of the Omicron surge in late 2021, and (2) alleged customer poaching under a purported Term Sheet that expressly gave Access Bio "sole authority and discretion" to do business with whomever it chose.

3.  At the outset of the case, Plaintiff sought a temporary restraining order to compel Access Bio to remedy the purported production shortfalls.  Judge Wright denied that request on multiple grounds, including that Plaintiff had failed to show an immediate threat of irreparable harm to its reputation or goodwill.  Intrivo 1, ECF No. 13 at 3-4.

4.  Plaintiff then pursued a preliminary injunction against Access Bio.  In support of that request, Plaintiff claimed to "derive[] 100% of [its] revenue" from Access Bio's products; represented that it had "no opportunity to partner with another U.S. manufacturer . . . to mitigate Access Bio's gross delivery failures"; and stated that "unless Access Bio makes good on its delivery commitments, Intrivo will have no choice but to terminate its workforce and shutter the unmatched distribution network that it has devoted two years and millions of dollars to create."  Intrivo 1, ECF No. 17 at 10-11.  However, Plaintiff failed to disclose that it had in fact been working with another supplier of COVID-19 tests since the previous year.  Plaintiff

also failed to disclose that Access Bio had addressed the alleged production shortfalls in full over a period of weeks, but Plaintiff had refused throughout that time to take delivery of or pay for a single test.  Intrivo 1, ECF No. 32.  Ultimately, Judge Wright denied the preliminary injunction as moot.  Intrivo 1, ECF No. 35.

5. Soon after, Plaintiff voluntarily dismissed its litigation.  Intrivo 1, ECF No. 37.  It then *refiled* its case in Los Angeles Superior Court, asserting the same claims against Access Bio and this time naming Areum and Ivy as defendants.  See *Intrivo Diagnostics, Inc. v. Access Bio, Inc., et. al*, Los Angeles Superior Court Case No. 22STCV09935.  The "new" lawsuit rehashes many of the same allegations from Plaintiff's initial case against Access Bio, supplemented with related claims against Areum and Ivy.  Because there continues to be complete diversity between the parties and the cases are related, the dispute should remain in the Central District of California before Judge Wright.

6. A copy of the Complaint is attached hereto as **Exhibit A**.  In addition to the Complaint attached as **Exhibit A**, copies of all other process, pleadings, and orders received by Defendants in the Action are attached hereto as **Exhibit B**.  *See* 28 U.S.C. § 1446(a).  So far as Defendants are aware, they have not yet been served with process, but nonetheless file this Notice of Removal within thirty days of receipt of the Complaint.  As set forth below, this case meets all requirements for removal due to diversity jurisdiction, and it is timely and properly removed by the filing of this Notice.

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  This Court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

. . . citizens of different states." 28 U.S.C. § 1332(a)(1).  Here, both the complete-diversity and amount-in-controversy requirements are satisfied.

I.   **Complete Diversity Of Citizenship Exists Between The Parties.**

1. There is complete diversity because Intrivo is a citizen of Delaware and California, and Defendants are citizens of New Jersey.

2. "A corporation is deemed a citizen of its place of incorporation and the location of its principal place of business."  *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)(1)).  Intrivo is a Delaware corporation with its principal place of business in California.  (Ex. A (Compl.) ¶ 10.)  Therefore, Intrivo is a resident and citizen of the States of Delaware and California.

3. Access Bio is a New Jersey corporation with its principal place of business in New Jersey.  (Ex. A (Compl.) ¶ 11.)  Thus, Access Bio is a citizen of New Jersey, where it is incorporated and where it has its principal place of business.

4. Ivy is a New Jersey corporation with its principal place of business in New Jersey.  (Ex. A (Compl.) ¶ 13.)  Thus, Ivy is a citizen of New Jersey, where it is incorporated and where it has its principal place of business.

5. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Verb Technology Co., Inc. v. Baker & Hostetler LLP*, Case No. 2:21-cv-06500-ODW (MAAx), 2021 WL 4125207, at *2 (C.D. Cal. Sept. 9, 2021) (for unincorporated associations, "[t]he relevant citizenship is that of the members, not of the [unincorporated association]"); *19th Capital Group, LLC v. 3 GGG's Truck Lines, Inc.*, Case No. CV 18-2493 PA (RAOx), 2018 WL 6219886, at *1 (C.D. Cal. April 3, 2018) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company[.]") (internal cite omitted).

6. "A natural person's state citizenship is . . . determined by her state of domicile." *Verb Technology Co., Inc.,* 2021 WL 4125207, at *2.

7. Areum is a limited liability company whose sole member is a natural person named Jong Kim. Declaration of Jong Kim at ¶ 3.(Contrary to the Complaint, Ivy is not the parent company of Areum.) Mr. Kim is a United States citizen who is domiciled in New Jersey. *Id*. at ¶ 2. Because Areum's sole member is a natural person who is domiciled in New Jersey, Areum is a citizen of New Jersey.

8. The inclusion of "DOE" defendants in the state court Complaint has no effect on removability. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690 (9th Cir. 1998) (28 U.S.C. 1441(b)(1) "explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal").

## II. The Amount-In-Controversy Requirement Is Satisfied.

9. This jurisdictional element concerns "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Cain v. Hartford Life & Accident Ins. Co*., 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (internal quotation omitted). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Id*. The analysis includes potential general and special damages, punitive damages, and penalties, as well as attorneys' fees if recoverable by statute or contract. *See, e.g*., *Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (identifying components of amount-in-controversy calculation); 28 U.S.C. §§ 1332(d)-(e), 1453, 1711-1715.

10. Moreover, in calculating the amount placed in controversy, defenses that a defendant may assert are not considered. *See Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("[T]he possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy[.]"); *Lara v. Trimac Transp. Servs. (Western) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("affirmative defenses . . . may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits[.]").

11. Although Defendants concede no liability on Intrivo's claims, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000 assuming for purposes of removal that all of Intrivo's allegations are true and that Intrivo will gain a full recovery on them. Among other relief, Intrivo seeks compensatory and punitive damages, and the Complaint directly alleges that Access Bio and Areum caused "hundreds of millions of dollars in lost profits." Ex. A (Compl.) ¶ 7.

## OTHER PROCEDURAL REQUIREMENTS AND LOCAL RULES

12. Removal to this Court's Western Division is proper, because that is the "district and division" embracing the place where the Action was filed—i.e., Los Angeles County, California. *See* 28 U.S.C. § 1446(a).

13. Defendants will promptly file with the Superior Court of the State of California for the County of Los Angeles and serve upon Intrivo's counsel a written notice of this removal. *See* 28 U.S.C. § 1446(a), (d).

## NO ADMISSIONS

14. By this filing, Defendants do not admit any liability, do not concede the accuracy of Intrivo's allegations, and do not concede that Intrivo is entitled to any of the relief sought in the Complaint, or any relief of any kind. Similarly, by filing this Notice of Removal, Defendants do not waive any right to seek to compel arbitration,

1 | or to object to jurisdiction over the person, or venue, and specifically reserve the right
2 | to assert any defenses and/or objections to which it may be qualified to assert.
3 |     Wherefore, the Action is hereby removed to this Court from the Superior Court
4 | of the State of California for the County of Los Angeles.

Dated:  March 24, 2022        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Christopher Tayback*
Christopher Tayback
Attorneys for Defendants Access Bio, Inc.;
Areum Bio LLC; and Ivy Pharma, Inc.